Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Kenady Nash

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENADY NASH,<br><br>    Plaintiff,<br><br>  vs.<br><br>KIKOFF INC., a Delaware corporation<br>XINYI CHEN aka CYNTHIA CHEN,<br>an individual and DOES 1-10,<br>Inclusive,<br><br>    Defendants | Case No.: 3:23-cv-4271<br><br>COMPLAINT FOR<br> 1) COPYRIGHT INFRINGEMENT<br> 2) COMMERCIAL<br>   MISAPPROPRIATION UNDER<br>   CIVIL CODE §3344<br> 3) UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

  1. Kikoff, Inc., is a San Franciso fintech company that claims to be in the

business of helping people with poor credit ratings. In actuality, Kikoff is in the

business of exploiting people.  Plaintiff created an advertisement for Kikoff that was solely to run on the TikTok social media app.  Instead of abiding by the terms of its limited license with Plaintiff, Kikoff decided to run the advertisement on multiple other social media platforms, including Facebook, Instagram, and YouTube, without Plaintiff's permission, and without paying Plaintiff for this use. Kikoff also created multiple edited versions of Plaintiff's ad without permission or consent, in order to run Plaintiff's ad on TikTok (and other sites) without paying her.  Plaintiff brings this action to seek compensation for Kikoff's intentional copyright infringement and exploitation of her voice and likeness and to obtain an injunction against Kikoff's further use of Plaintiff's copyright material.

## II.    **THE PARTIES**

2.    Plaintiff is an individual living in Norcross, Georgia

3.    Upon information and belief, Defendant Kikoff, Inc. is a Delaware corporation with its principal place of business located in San Francisco, CA.

4.    Upon information and belief, Defendant Xinyi Chen aka Cynthia Chen is an individual living in San Francisco, CA and is the CEO of Kikoff.

5.     Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by

Complaint

these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities, and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

## JURISDICTION AND VENUE

6.     The present action arises under the Copyright Act, Title 17, Section 101, et seq., of the United States Code.

7.     Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a) as well as supplemental jurisdiction over all additional non-federal claims under 28 U.S.C. § 1367.

8.     Venue lies in the Northern District of California under 28 U.S.C § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

## FACTS COMMON TO CLAIMS OF RELIEF

9.    Plaintiff is a well-known Christian author, speaker and TikTok influencer, who, along with her husband Damien, regularly uses the TikTok platform to share relationship and spiritual advice.

10.   TikTok is a very popular ad supported social media app that allows users to create, watch and share short videos.  TikTok has over 1 billion monthly users.

11.   TikTok runs a program called the TikTok Creative Challenge which is a method for advertisers to get successful TikTok personalities to create new advertisements to run on the platform.

12.   The Creative Challenge is only open to TikTok members who have at least 50,000 followers and is subject to the Tik Tok Creative Challenge Terms of Service ('the Terms").  Under the Terms, the Advertiser will create a Creative Challenge campaign by submitting details of a Creative Brief, which includes information about the Advertiser, requested Creative Assets, target audience, Campaign background, Advertiser objections and Campaign timelines.  The TikTok talent (referred to as Creative Partners in the Terms) then submit an advertisement based on the Creative Brief (the "Creative Assets"), which the Advertiser can then reject or accept.

13.   If the Advertiser accepts the Creative Assets and informs TikTok to run the ad, then TikTok pays the talent as set forth in the schedule on the challenge. The Advertiser must run the ad as it is and under the Terms agrees that it may not edit the Creative Assets. The Advertiser pays the talent, through TikTok, a fee based on how many people sign up for the Advertiser's service after viewing the ad.

14.   Under the Terms, the ownership of the Creative Assets belongs entirely to the TikTok talent and the Advertiser is only granted, "[A] limited license to the Creative Assets for the use and display of the Creative Assets generated by Creative Partner for the purposes of this Agreement, and agrees that it may only use the Creative Assets in connection with applicable campaigns *on the Platform and for no other use. For the avoidance of doubt, off platform use of the Creative Assets is prohibited.*" (Emphasis added).

15.   In summary, if an advertiser decides to engage in the Creative Challenge, it may only use the submitted video on the TikTok platform, and cannot edit the video.  This would be obvious to anyone because if the advertiser ran the ad elsewhere or edited the video, the talent would not be paid for such use.

16.   Upon information and belief, Defendant Kikoff is a San Francisco fintech company that aims to help people increase their credit score.

17.   In April 2023, Kikoff put up a TikTok Creative Challenge for TikTok talent
to create advertisements for Kikoff.  Plaintiff took up the challenge and created an
advertisement for Kikoff to run on TikTok ("the Nash Video").  In the Nash Video,
Plaintiff talks to the camera and extolls the benefits of the Kikoff service.

18.   Once Plaintiff submitted the Nash Video to Kikoff, it almost immediately
accepted it and began running the Nash Video on the TikTok platform on or about
April 13, 2023.  Kikoff also began running similar ads from other TikTok
influencers who had responded to the Creative Challenge.

19.   The Nash Video proved very popular for Kikoff and sometimes ranked as the
most popular of the videos that Kikoff ran on TikTok in response to the Creative
Challenge.

20.   However, although TikTok and its CEO, Cynthia Chen knew that under the
TikTok terms of service it could only run the Nash Video on the TikTok platform,
they decided that this rule did not apply to them.

21.   Sometime after starting the ad campaign on TikTok, Kikoff, through its CEO
Cynthia Chen and other officers, directors, and employees of Kikoff whose names
are presently unknown to Plaintiff, began placing the Nash Video on other social
media platforms, including Facebook, Instagram, and YouTube.  Of course,

**Complaint**

Defendants knew that if the Nash Video was run on these other platforms, they would enjoy the benefits of the advertisement but would not have to pay Plaintiff for the use of her copyrighted content.

22.   Upon information and belief, as of July 11, 2023 the Nash Video has been viewed over 5.5 million times on Facebook, over 1.9 million times on YouTube, and over 843,000 times on Instagram without Plaintiff's permission and without Kikoff paying Plaintiff for this use.

23.   Not being content with just exploiting Plaintiff on Facebook, Instagram, and YouTube, Defendants then started editing the Nash Video to include clips of videos from other influencers and then uploading these edited versions of the Nash Video to TikTok.  It is unknown exactly how many of these edited versions of the Nash Video Defendants were made, but it is believed to be more than a dozen.  By doing so, Kikoff could receive the benefits of the Nash Video, but since the Nash Video had been edited, TikTok would not recognize the video and pay Plaintiff when people signed up for Kikoff's services as a result of viewing the ad.

24.   Plaintiff is the sole owner of the copyright to the Nash Video.  Plaintiff registered the Nash Video with the U.S. Copyright Office on June 27, 2023, receiving Registration No. PA0002422953.

25.   As the copyright owner, Plaintiff owns the exclusive right to distribute the Nash Video or to make derivative versions therefrom.

26.   Kikoff's license to use the Nash Video only permitted it to use the Nash Video on the TikTok platform and only in its unedited form.

27.   At no point did Plaintiff give Defendants or anyone else permission to use the Nash Video outside of the TikTok platform or to edit the Nash Video.

FIRST CLAIM FOR RELIEF

(For Copyright Infringement Against All Defendants)

28.   Plaintiff re-alleges and incorporates by reference, as though set forth in full, paragraphs 1 through 27 above as though fully set forth herein.

29.   Defendants, and each of them, have infringed the copyright in the Nash Video by posting it on social media sites outside of TikTok, such as Facebook, Instagram, and YouTube, without authorization.

30.   Defendants, and each of them, have infringed the copyright in the Nash Video by creating edited versions of the Nash Video in order to run the Nash Video on TikTok without paying Plaintiff for such use.

31.   As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable

Complaint

to its infringement; alternatively, Plaintiff is entitled to statutory damages for infringement in the maximum statutory amount allowed.

32.    Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain.  The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

## SECOND CAUSE OF ACTION

### (Commercial Misappropriation Under Civil Code §3344 Against All Defendants)

33.   Plaintiff repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 32 above.

34.   At all relevant times, Plaintiff had the sole and exclusive right of publicity with regard to the use of her voice and likeness.

35.    Defendants used Plaintiff's voice and likeness in the Nash Video, outside of TikTok without Plaintiff's permission, consent, or authorization.

36.   Defendants gained a commercial benefit by using Plaintiff's voice and likeness in the Nash Video.

37.    Defendants' unauthorized and unlawful use of Plaintiff's voice and likeness was willful, intentional, and knowing and was done to Defendant's advantage, including for the direct purpose of profiting, and gaining commercial benefit. Defendants have used and exploited Plaintiff's voice and likeness for their own commercial profit and gain in connection with the promotion of their products.

38.   The acts above constitute a violation of California Civil Code §3344.

39.   As a direct and proximate result of Defendants' unauthorized and unlawful use of Plaintiff's voice and likeness, Plaintiff suffered harm, including but not limited to, the denial of the benefit of the rights of publicity which belong to her.

40.   Plaintiff is entitled to compensation for the willful, intentional, unauthorized, and unlawful use of her voice and likeness, in an amount to be proven at trial.

41.   Defendants' conduct was malicious, fraudulent, oppressive, and intended to injure Plaintiff. Consequently, Plaintiff is entitled to punitive damages.

42.   Plaintiff is entitled to recover her costs and fees per the statute referenced in this cause of action.

### THIRD CAUSE OF ACTION

### (Unfair Competition against all Defendants)

43.   Plaintiff repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 42 above.

44.   As a result of the wrongful acts of Defendants, and each of them, as hereinabove alleged, Defendants, and each of them, have received unjust financial and economic benefits at the expense of Plaintiff.  Such unjust enrichment and benefits include but are not limited to (1) the value of the use of Plaintiff's voice and likeness for the commercial purposes made thereof by Defendants; and (2) the amount of Defendants, and each of their, gross revenues attributable to the use of Plaintiff's voice, and likeness as alleged herein.

45.   As alleged herein above, Plaintiff suffered harm as a result of Defendants' actions in obtaining a financial and economic benefit.

46.   As a direct and proximate result of the allegations above, Defendants have been unjustly enriched at the expense of Plaintiff in an amount to be proved at trial.

**Complaint**

47.   Defendants, and each of them, are under an obligation to pay Plaintiff, forthwith, the entire amount by which they have been unjustly enriched.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained or will sustain by reason of Defendant's conduct, and to account for all gains, profits and advantages derived by Defendant from such conduct in an amount to be proved at trial.

2.   That Defendants be required to pay statutory damages to Plaintiff in an amount to be proved at trial.

3.   That all items which infringe Plaintiff's copyright be impounded, surrendered, and forfeited to Plaintiff for destruction or other disposition.

4.   That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in the Nash Video; and

5.   That Defendants be required to pay to Plaintiff her attorneys' fees and costs incurred in connection with the prosecution of this action; and

6.   For such other and further relief as the Court deems appropriate.

Complaint

DATED: August 18, 2023        LAW OFFICES OF LARRY ZERNER


By: /s/Larry Zerner_____
     Larry Zerner
     Attorney for Plaintiff Kenady Nash


## DEMAND FOR TRIAL BY JURY

Plaintiff Kenady Nash pursuant to Rule 38 of the Federal Rules of Civil

Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: August 18, 2023        LAW OFFICES OF LARRY ZERNER


By: __/s/Larry Zerner_____
     Larry Zerner
     Attorney for Plaintiff Kenady Nash

Complaint